MARÍA MAESO DE SANDOVAL, Plaintiff and Appellee, *v.* FELIPE ORTIZ SANDOVAL, Defendant and Appellant.

No. 5646. Argued November 30, 1932.—Decided December 2, 1932.

*M. Cruz Horta* for appellant.   *L. Toro Cabañas* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This in an action for maintenance and support. María Maeso, married to Luis Felipe Ortiz Sandoval, brought suit against her husband seeking a monthly allowance of $150 with which to defray the expenses of board, room, clothing, medicine, and licit diversions for herself and for the only son born of the marriage. She alleged that more than a year before, her husband had taken her to her father's house and that since then he had paid no attention to her; that her son was born there; and that her husband never sent any sum of money for their maintenance.

In his answer the defendant admitted the marriage, the birth of the son, and the separation, but denied the desertion. As special defenses he alleged that there was no community property, that his separate property was heavily encumbered, and that he was willing to receive and support his wife and child in his home.

The case went to trial. Both parties introduced evidence and the court finally adjudged the defendant to pay to the plaintiff, for herself and for their legitimate son, a monthly allowance for maintenance of fifty dollars.

Thereupon the defendant appealed. In his brief he assigns four errors:

The first assignment is that the court did not properly weigh the evidence. The error does not exist. We have examined the said evidence, consisting of the testimony of the plaintiff, the defendant, the plaintiff's father, and of other witnesses for the defendant. That testimony is conflicting in certain essential respects, but once such a conflict is adjusted in favor of the plaintiff, the evidence clearly establishes her cause of action.

The problem is one of a young couple that perhaps might have settled its differences and continued, by virtue of concessions and mutual respect, to fulfill its duties in life.

The picture presented by the evidence of the plaintiff as well as by that of the defendant, is one of a wife who, when left alone in the house cried and wanted to commit suicide. Why? Although there are indications in the record the motive is not clear.

The fact remains that the wife finally went to live in her father's house. She says that her husband took her there and never went near her again. He finally admits that he took her but insists that she went voluntarily. He also admits that during two months he did not go near her in order to teach her a lesson, and that afterward when he proposed, through a friend, that she return to him, she refused and things continued as they were.

The fact is that she remained in her father's house and there gave birth to her only son who was, at the time of the trial in the district court, about eleven months old, and that the husband never went to see his wife and child and sent them nothing for their support.

By support is understood all that is necessary for food, shelter, clothing, and medical attendance, according to the social standing of the family. The spouses and the legitimate ascendants and descendants, among others, are obliged to furnish this support reciprocally. In a proper case where two or more persons are bound to furnish such support, the duty will rest first upon the spouse, second upon the nearest descendants, third upon the nearest ascendants, and last upon the brothers and sisters. The father and mother have among other duties with respect to their unemancipated children, that of supporting them. See sections 142, 143, 144, and 153 of the Civil Code, 1930 ed.

Therefore, in accordance with the facts and the law, the obligation of the husband and father in this case is evident and unavoidable.

The second error assigned by appellant is that the court erred when it stated in its opinion ''that the income as well as the salary are included in the concept of property.''

In the first place, errors are not assigned against the grounds for a judgment but against the judgment itself. Although the grounds stated be erroneous, if the judgment appealed from can be supported on other grounds, it will not be reversed but affirmed on appeal.

But even though the reasoning of the court should have to be examined on the ground that it is part of the judgment itself, we will say that the trial judge was not mistaken when he took into account the income of the defendant from his separate property and his earnings in the business in which he was engaged, in order to fix the amount of the allowance, and that is the scope of the holding which is claimed to be erroneous.

The third error assigned is formulated thus: ''The district court erred in not applying section 148 of the Civil Code.''

Said section provides:

''Section 148.—The person obliged to render support may, if he so elects, either pay the amount required to be paid or receive and maintain in his own dwelling the person having a right to such support.''

We are familiar with the special defenses alleged. At the trial the defendant testified that his home was always open to his wife and son. The plaintiff maintained in her testimony that her husband had, neither directly nor indirectly, called her back to his home. But the truth is that her decision not to return to the former conditions is evident in her attitude. At least she clearly stated that she would have to think it over a great deal. She affirmed that after the separation, her husband had taken other women to their

home. Weighing her answers, one observes the dignity of a woman who cannot be humbled, nor should she be as is attempted in this case, that is, obliging her, as a matter of law, to return unconditionally to the home or to forego maintenance out of it. The law did not intend submissions contrary to the very honor and purposes of matrimony. Years ago this Court said in the case of *Moll* v. *Llompart*, 17 P.R.R. 666, 673:

"The offer of the husband to support his wife in his own home may be refused when the acceptance thereof is barred by legal, moral, or social motives, or when there exists a reasonable and justifiable cause for declining said offer. Under a doctrine of the Supreme Court of Spain set up in a judgment of July 5, 1901, 'the right of option which section 149 of the Civil Code of Spain (sec. 218 of the Porto Rico Code), allows to the person obliged to render support, to either pay the amount required to be paid, or receive and maintain in his own dwelling the recipient, is not absolute or inflexible, but is subordinated to the double condition that the person obliged to render such support should have a home of his own, and that there be no legal or moral obstacle to prevent the recipient from moving into the same and receiving therein the sum of comforts and succor, both natural and civil, which are juridically meant by the word support; because if either of these elements is lacking, the election becomes impossible both in fact and in law, and the obligation to render support must be fulfilled in the first way indicated.' To the same effect are the American authorities. (See 21 Cyc., p. 1150.)"

The fourth and last error assigned attacks the amount of the allowance.

It was shown that the property of the defendant produced a net income of about 100 dollars a month, and that in addition he received earnings from his work in a dairy. How could the judge, under these circumstances, assign less than 50 dollars a month to the wife and child?

The judgment appealed from must be affirmed.